**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JESUS ALEJANDRO PINERO ALVAREZ,

      Petitioner,

v.                                    No. 2:26-cv-01531-DHU-KK

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA, Acting Field
Office Director, Immigration and Customs
Enforcement, El Paso Field Office; MARKWAYNE
MULLIN, Secretary, U.S. Department of Homeland
Security; TODD LYONS, Acting Director, U.S.
Immigration and Customs Enforcement; and
U.S. ATTORNEY GENERAL,

      Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Jesus Alejandro Pinero Alvarez's *pro se* Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native and citizen of Venezuela who entered the United States without inspection on August 15, 2023. *Id.* at 3; Doc. 8 at 1. Upon entry, Petitioner was detained by immigration authorities, issued a Notice to Appear, which charges him as a noncitizen present in the United States who has not been admitted or paroled, and placed in removal proceedings. Doc. 1 at 4; Doc. 8-1 at 1. Petitioner was subsequently released on an Order of Release of Recognizance. Doc. 1 at 4.

On April 29, 2026, Petitioner was re-detained by Immigration and Customs Enforcement ("ICE") at a scheduled check-in. Doc. 8 at 3. Petitioner was provided with notice or a pre-

1

deprivation hearing. *See generally* Docs. 1, 8. He was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. Doc. 1 at 2.

Petitioner subsequently filed the instant Petition, where he argues that his re-detention violates the Due Process Clause of the Fifth Amendment. *Id.* at 5-6.[1] Petitioner specifically argues that his re-detention without an individualized hearing violates his procedural due process rights. *Id.* He requests a Writ of Habeas Corpus ordering Respondents to immediately release him on his own recognizance without conditions or under the same conditions that existed prior to his unlawful detention. *Id.* at 8.

Respondents concede that Petitioner entered the United States without inspection in August 2023, was detained by immigration officials after his entry, and was then released on his own recognizance. Doc. 8 at 2-3. Nevertheless, Respondents' position is that Petitioner's due process rights have not been violated; Respondents argue that Petitioner is properly subject to 8 U.S.C. § 1225(b)(2)(A). *Id.* at 10-11. Respondents' alternative position is that bond review is the appropriate remedy if 8 U.S.C. § 1226(a) applies. *Id.* at 11-12.

This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr.

---

[1] Petitioner also brings a *Bivens* claim. Doc. 1 at 6-7. However, a habeas action is not the appropriate avenue to file such a claim; a separate civil rights action is. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). The Court, therefore, does not address this claim of error.

2

23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in 2023, was detained within the United States, and was subsequently released on his own recognizance, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide him with a pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Given the Court's finding that due process requires Petitioner's release, the Court need not make a determination regarding whether Petitioner's detention is governed by § 1225 or § 1226. However, it is worth noting that in *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to an individualized bond hearing. ___F.4th___, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in

3

2023, was detained by immigration officials in the country and subsequently released on his own recognizance, and re-detained years later while still residing in the country. Petitioner's detention is, therefore, governed by § 1226(a).

Accordingly, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Monday, August 3, 2026, confirming Petitioner's timely release.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE